IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


ODI LUKE-SANCHEZ,

    Petitioner,

v.                                        No. CV 14-0474 JCH/SCY

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS,
WARDEN,

    Respondent.


MEMORANDUM OPINION AND ORDER OF DISMISSAL

    This matter is before the Court, *sua sponte* under rules 1(b) and 4 of the Rules Governing Section 2254 Cases, on Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed on May 16, 2014. Petitioner asserts that, under the Supreme Court's recent decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), the Court should set aside the sentence imposed in his criminal proceeding, which allegedly violated his constitutional jury trial rights.

    Petitioner is currently confined at FCI La Tuna, which is located within the boundaries of the Western District of Texas. *See United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). "A § 2241 petition for a writ of habeas corpus must be addressed to the federal district court in the district where the prisoner is confined." *United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir. 1986) (per curiam). As stated recently by the Court of Appeals for the Tenth Circuit, this Court does not have jurisdiction of this § 2241 petition "because [Petitioner] was confined in [Texas] when the petition was filed." *Montalvo v. Werlizh*, 461 F. App'x 818, 819 (10th Cir. Apr. 6,

2012). This matter should therefore be transferred to a district court in Texas or dismissed without prejudice.

On the other hand, Petitioner's petition attacks a criminal sentence entered against him by a district court in Utah. The relief that Petitioner seeks, if available, must be pursued under § 2255: relief is available where "the sentence was imposed in violation of the Constitution or laws of the United States." § 2255(a). The terms of § 2255 provide the exclusive avenue for an attack on a federal criminal conviction or sentence. *See Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (§ 2255 "supplants habeas corpus"). "It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion," *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006), and Petitioner's pro se characterization of his claims as a § 2241 petition is not dispositive, *see Roman-Nose v. New Mexico Dep't of Human Serv.*, 967 F.2d 435, 436-37 (10th Cir. 1992). If relief is to be granted on Petitioner's petition, it must be treated as a motion under § 2255, notwithstanding its designation, because of the nature of the relief he seeks.

"A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." *Bradshaw v. Story*, 86 F.3d 164,166 (10th Cir. 1996) (citations omitted). In this circumstance, the Court may transfer the proceeding to the sentencing court or dismiss the matter without prejudice. *See Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006) (noting several factors that should be considered in determining whether to transfer or dismiss a pleading). Central to Petitioner's petition is his implicit, erroneous contention that the decision in *Alleyne v. United States*, 133 S. Ct. 2151, applies retroactively to his conviction. In the Tenth Circuit Court of Appeals' recent decision in *In re Payne*, 733 F.3d 1027 (10th Cir. 2013), the court noted that "[the rule in *Alleyne*] has not been 'made retroactive to cases

on collateral review.'" *Id.* at 1029 (quoting § 2255(h)(2)). Because the *Alleyne* ruling does not apply retroactively to Petitioner's sentence, the *Trujillo* factors weigh conclusively in favor of dismissing rather than transferring his petition. The Court will dismiss the petition without prejudice.

IT IS THEREFORE ORDERED that Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 is DISMISSED without prejudice, and this proceeding is DISMISSED.

_____
UNITED STATES DISTRICT JUDGE